UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CROWLEY LOGISTICS DE MEXICO S DE RL DE CV,** <br>     Plaintiff <br><br> V. <br><br><br><br> **HARKAND GULF CONTRACTING, LTD.,** <br>     Defendants | § § § § § § § § § § § § | **CIVIL ACTION NO.** <br><br> _____ <br><br> **Admiralty Rule 9(h)** |

## COMPLAINT

Plaintiff Crowley Logistics de Mexico S de RL de CV files this Original Complaint against Harkand Gulf Contracting, Ltd. upon information and belief, and respectfully will show the Court as follows:

## JURISDICTION AND VENUE

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is based on 28 U.S.C. section 1333. Further, the parties agreed by contract that personal jurisdiction and venue would be proper in this United States District Court for the Southern District of Texas, and that all disputes would be governed by General Maritime Law, without regard to its rules on conflict

PD.19261787.1

of laws, and if the General Maritime Law is inapplicable, Texas law shall apply.

## IDENTITY OF PARTIES

2.  Plaintiff, Crowley Logistics de Mexico S de RL de CV ("Crowley"), is a business entity organized and existing under the laws of Mexico, and at all material times was manager of the motor vessel *Swordfish* (the "Vessel").

3.  Defendant, Harkand Gulf Contracting, Ltd. ("Harkand"), is a business entity organized and existing under the laws of England, but authorized to do and doing business in the state of Texas and with its principal place of business in Houston, Texas. At all material times Harkand was the owner of the Vessel.

## BACKGROUND AND ALLEGATIONS

4.  On or about 28 September 2012, Veolia ES Special Services, Inc. and Crowley Technical Management, Inc. executed a BIMCO SHIPMAN 2009 Standard Ship Management Agreement (hereinafter "the Management Agreement") pursuant to which Crowley Technical Management, Inc. agreed to provide technical, crewing and operational management for the Vessel.

5.  Upon information and belief, ownership of the Vessel was

transferred from Veolia ES Special Services, Inc. to Harkand Gulf Services, LLC, and this transfer was recognized in an addendum to the Management Agreement dated 13 August 2013.

6. Pursuant to a novation effective 1 January 2014, management of the Vessel was transferred from Crowley Technical Management, Inc. to plaintiff Crowley Logistics de Mexico S de RL de CV.

7. Pursuant to a second novation dated 10 June 2014, Harkand Gulf Services, LLC transferred its rights and obligations under the Management Agreement to defendant Harkand Gulf Contracting, Ltd.

8. At all material times, therefore, the relationship between Harkand and Crowley was governed by the terms and conditions of the Management Agreement as amended by the 13 August 2013 addendum and 1 January 2014 and 10 June 2014 novations.

9. During November 2013, the Vessel began a project in the Mexican waters of the Gulf of Mexico.

10. The services provided by Crowley for the Vessel in Mexican waters were subject to a Mexican value-added tax (hereinafter "VAT") at a rate of 16%.

11. Harkand underpaid Crowley's invoices by the amount of the VAT.

12. Crowley was obliged to pay, and did in fact pay, the Mexican Tax Administration the proportional amount of VAT based on the short payments received for the technical, crewing, and operational services ("principal services") provided for the Vessel in Mexican waters.

13. The total amount unpaid, including VAT, for these principal services for the Vessel totals EIGHT HUNDRED EIGHTY-SIX THOUSAND, ONE HUNDRED NINETY-FIVE AND 18/100 DOLLARS ($886,195.18).

14. Crowley has issued invoices to Harkand for the principal services and associated VAT.

15. Crowley has not been paid in full for the principal services provided to Harkand for the Vessel, despite amicable demand.

16. Harkand has breached the express and implied terms of the Management Agreement, promised to pay the amounts invoiced by Crowley, and has been unjustly enriched as a result, to the detriment of Crowley.

WHEREFORE, plaintiff, Crowley Logistics de Mexico S de RL de CV, prays that:

A.  This Complaint be deemed good and sufficient;

B.  That process may issue against defendant, Harkand Gulf Contracting, Ltd., and that it be adjudged liable to Crowley Logistics de Mexico S de RL de CV in the full amount of Crowley Logistics de Mexico S de RL de CV's damages, plus interest, costs, expenses and attorneys' fees; and

C.  Crowley Logistics de Mexico S de RL de CV have such other and further relief as law and justice, equity and contract may require.

Respectfully submitted,

*[signature]*

MARC G. MATTHEWS
TBA 24055921
Fed. I.D. 705809
marc.matthews@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
**ATTORNEY-IN-CHARGE FOR PLAINTIFF CROWLEY LOGISTICS DE MEXICO S DE RL DE CV**

Of Counsel:
**PHELPS DUNBAR LLP**

Andrew B. Brown
TBA 4078264
Fed. ID 1356725
Andrew.brown@phelps.com
Phelps Dunbar LLP
500 Dallas Street, Suite 1300
Houston, TX  77002
Telephone:  713-626-1386
Telecopier:  713-626-1388

Robert J. Barbier (LA No. 2741)
Admission *pro hac vice* to be requested
Meredith W. Blanque (LA No. 32346)
Admission *pro hac vice* to be requested
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email:  robert.barbier@phelps.com
          meredith.blanque@phelps.com